IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY WARD,

      Plaintiff,                    No. 2:11-cv-1096 JAM KJN P

    vs.

SGT. B. TISDALE, et al.,         <u>ORDER AND</u>

      Defendants.            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level." Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

       Plaintiff names as defendants Deuel Vocational Institution ("DVI"), B. Tisdale, and Does 1-10.  Plaintiff alleges the following.  On October 16, 2009, while being escorted back to their cell in administrative segregation ("ad seg"), plaintiff and his cellmate were attacked by another inmate who was able to open his cell door from the inside.  Plaintiff sustained a stab wound to his face requiring stitches.  Plaintiff contends that there have been prior incidents where inmates and staff were assaulted by other inmates who were able to open their cell doors from the inside while housed at DVI ad seg.  (Dkt. No. 1 at 3.)  Plaintiff alleges defendants DVI and Does 1-10 failed to protect plaintiff, and that all defendants were deliberately indifferent to unsafe conditions of confinement in the DVI ad seg unit, and inflicted intentional emotional distress by such deliberate indifference.

       In his complaint plaintiff named the Deuel Vocational Institution ("DVI") as one of the defendants.  The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, the California Department of Corrections and Rehabilitation and DVI State Prison have not consented to suit.  Accordingly, plaintiff does not state a claim against DVI and the court recommends that plaintiff's claims against DVI be dismissed.

The only individual plaintiff names as a defendant is B. Tisdale, a Correctional Sergeant at DVI. Plaintiff does not include defendant Tisdale in plaintiff's failure to protect claim, but contends that defendant Tisdale was deliberately indifferent to the unsafe conditions of confinement in the DVI ad seg unit, and intentionally inflicted emotional distress.

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992). Prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998); Farmer v. Brennan, 511 U.S. 825, 847 (1994). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 835. Deliberate indifference is the reckless disregard of a substantial risk of serious harm. See Farmer, 511 U.S. at 836. Mere negligence is insufficient to establish deliberate indifference since "Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Id., 511 U.S. at 835 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). The defendant's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

1    Plaintiff alleges that defendants, including defendant Tisdale, were aware that the
2 doors in the DVI ad seg unit were defective, yet failed to ensure that the defective doors were
3 modified or repaired so that plaintiff's safety was not put at risk.  Based on these allegations,
4 plaintiff states a potentially cognizable deliberate indifference claim as to defendant Tisdale,
5 which also supports plaintiff's pendent state law claim for the allegedly intentional infliction of
6 emotion distress.  Thus, the complaint states a potentially cognizable claim for relief as to
7 defendant Tisdale pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations of
8 the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this
9 action.
10    However, plaintiff fails to name a specific individual in connection with
11 plaintiff's failure to protect claim.
12    "[P]rison officials have a duty . . . to protect prisoners from violence at the hands
13 of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994).  "Being violently assaulted in
14 prison is simply not part of the penalty that criminal offenders pay for their offense against
15 society." Id. at 834 (internal citation omitted).  However, prison officials do not incur
16 constitutional liability for every injury suffered by a prisoner. Id.  A prison official violates the
17 Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and
18 disregards that risk by failing to take reasonable measures to abate it." Id. at 847.  Under this
19 standard, a prison official must have a "sufficiently culpable state of mind," one of deliberate
20 indifference to the inmate's health or safety. Id. at 834.  If plaintiff elects to file an amended
21 complaint, he must allege facts demonstrating how each defendant's actions rose to the level of
22 "deliberate indifference" to his healthy and safety.  In other words, plaintiff must allege that the
23 defendants knew he was at risk of being attacked and explain how the defendants' response to
24 this threat of attack was unreasonable.  Plaintiff is cautioned that "prison officials who lacked
25 knowledge of a risk cannot be said to have inflicted punishment." Farmer, 511 U.S. at 844.
26    Under these standards, plaintiff may be able to state a cognizable claim if plaintiff

5

can identify a prison official who was aware plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to correct it. At present, plaintiff only names Doe defendants in connection with this claim. The complaint, as presently written, does not identify a specific Doe defendant in such a way to permit the court to identify such a defendant for service of process. However, the Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Thus, once defendant Tisdale appears in this action, plaintiff should immediately seek discovery to identify the unknown defendants by name, and to determine whether there are facts demonstrating that the unknown defendant or defendants were deliberately indifferent to a known risk to plaintiff's safety, and failed to protect plaintiff. Once plaintiff makes such a determination, and identifies the individual, plaintiff should forthwith move to amend the complaint to name said individual.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service is appropriate for the following defendants: Sgt. B. Tisdale.

4. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet and a copy of the complaint filed April 19, 2011.

5. Within thirty days from the date of this order, plaintiff shall complete the

6

attached Notice of Submission of Documents and submit the following documents to the court:

        a. The completed Notice of Submission of Documents;

        b. One completed summons;

        c. One completed USM-285 form for defendant Tisdale; and

        d. Two copies of the endorsed complaint filed April 19, 2011.

      6. Plaintiff need not attempt service on defendant and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

      IT IS HEREBY RECOMMENDED that plaintiff's claims against defendant DVI be dismissed.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 22, 2012

                              KENDALL J. NEWMAN
                              UNITED STATES MAGISTRATE JUDGE

ward1096.1

```
 1
 2
 3
 4
 5
 6
 7
 8                      IN THE UNITED STATES DISTRICT COURT
 9                    FOR THE EASTERN DISTRICT OF CALIFORNIA
10   JERRY WARD,
11           Plaintiff,                    No. 2:11-cv-1096 JAM KJN P
12       vs.
13   SGT. B. TISDALE, et al.,              NOTICE OF SUBMISSION
14           Defendants.                   OF DOCUMENTS
15   _____/
16           Plaintiff hereby submits the following documents in compliance with the court's
17   order filed _____:
18               _____    completed summons form
19               _____    completed USM-285 forms
20               _____    copies of the _____
                                          Complaint
21
22   DATED:
23
24
                                           _____
25                                                     Plaintiff
26
```