IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY WARD,

      Plaintiff,                              No. 2:11-cv-1096 JAM KJN P

    vs.

DEUEL VOCATIONAL INSTITUTION, et al.,

                                          FINDINGS AND RECOMMENDATIONS

      Defendants.
_____/

I. Introduction

        Plaintiff is a state prisoner, incarcerated at the California Substance Abuse Treatment Facility ("CSATF"), who proceeds without counsel and in forma pauperis in this civil rights action filed pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Pending is defendant's motion to dismiss plaintiff's complaint, on the ground that plaintiff failed to exhaust his administrative remedies before bringing this federal action,[1] and on the further ground that plaintiff's pendant state law claim is barred by the applicable statute of limitations. Plaintiff filed an opposition to defendant's motion, and defendant filed a reply. For the following reasons, the

---

[1] Plaintiff was provided timely notice of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies, as set forth in Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), and Woods v. Carey, 684 F.3d 934, 940 n.6 (9th Cir. 2012). (See Dkt. No. 26.)

court recommends that defendant's motion to dismiss be granted.

II. <u>The Complaint</u>

The complaint (Dkt. No. 1) challenges conditions of plaintiff's confinement when he was incarcerated at Deuel Vocational Institution ("DVI"). Plaintiff alleges that on October 16, 2009, he and his cellmate were attacked by another inmate while being escorted to their cell, located in DVI's administrative segregation unit ("ad seg"). Plaintiff sustained a stab wound to his face, which required stitches. Plaintiff alleges that his attacker was able to open his own cell door from the inside. Plaintiff alleges that there had been prior assaults against inmates and staff by other DVI ad seg inmates who had also been able to open their cell doors from the inside. The complaint alleges that DVI staff were aware that the ad seg cell doors were defective, yet failed to repair or modify the doors to prevent harm to inmates and staff. The complaint names as defendants DVI, Correctional Sergeant B. Tisdale, and Does 1-10.

Pursuant to the initial screening of the complaint, under 28 U.S.C. § 1915A, this court found that DVI was immune from suit under the Eleventh Amendment, but that the complaint stated a potentially cognizable Eighth Amendment claim against defendant Tisdale for deliberate indifference to unsafe conditions of confinement, as well as a pendent state law claim for intentional infliction of emotion distress. (<u>See</u> Dkt. No. 12.) Although the court granted plaintiff leave to file an amended complaint clarifying his Eighth Amendment failure to protect claim, plaintiff did not file an amended complaint. As a result, this action proceeds only against defendant Tisdale on the identified claims.

III. <u>Eighth Amendment Claim</u>

Defendant moves to dismiss plaintiff's Eighth Amendment claim on the ground that plaintiff failed to administratively exhaust the claim before commencing this lawsuit. Defendant contends that the only pertinent grievance plaintiff submitted concerning the October 16, 2009 incident was cancelled pursuant to the First Level Review, and not further pursued by plaintiff. Plaintiff responds that his administrative remedies were "effectively unavailable"

2

because defendant Tisdale improperly cancelled the grievance. Plaintiff further asserts that he resubmitted the grievance but received it back unanswered.

### A. Legal Standards for Administrative Exhaustion

The Prison Litigation Reform Act ("PLRA") provides that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). Exhaustion requires that the prisoner complete the administrative review process in accordance with all applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81 (2006). Prisoners must exhaust their administrative remedies regardless of the relief they seek, i.e., whether injunctive relief or money damages, even though the latter is unavailable pursuant to the administrative grievance process. Booth v. Churner, 532 U.S. 731, 741 (2001).

The PLRA requires that administrative remedies be exhausted prior to filing suit. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002). The exhaustion requirement is not jurisdictional, but an affirmative defense that may be raised by a defendant in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b). See Jones v. Bock, 549 U.S. 199, 216 (2007) ("inmates are not required to specially plead or demonstrate exhaustion in their complaints"); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir. 2003) (failure to exhaust is an affirmative defense). Defendants bear the burden of raising and proving the absence of exhaustion, and their failure to do so waives the defense. Id. at 1119.

However, the administrative exhaustion requirement may itself be waived in extraordinary circumstances where a prisoner's administrative remedies are "effectively unavailable." Nunez v. Duncan, 591 F.3d 1217, 1220-21, 1225-26 (9th Cir. 2010); accord Martinez v. Robinson, 2010 WL 3001381, *3 (N.D. Cal. 2010) (improperly told three times that his appeal was duplicative, plaintiff had no available remedy and was thus excused from further exhaustion efforts); see also Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) ("improper

screening of an inmate's administrative grievances renders administrative remedies 'effectively unavailable' such that exhaustion is not required under the PLRA"). However, unavailability must be adequately demonstrated. Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005) (the obligation to exhaust persists as long as some administrative remedy is available); see also Newman v. McLean, 2009 WL 688859, *6 (N.D. Cal. 2009) ("[p]laintiff did not pursue all the remedies that were available since he could have appealed the alleged improper screening out of the inmate appeal as being duplicative but failed to do so"); Smiley v. Martinez, 2010 WL 309459, *3 (N.D. Cal. 2010) (plaintiff did not timely challenge the screening out of his appeals based on untimeliness and duplication).

"In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Wyatt, 315 F.3d at 1119. When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120; see also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005) ("mixed" complaints may proceed on exhausted claims). Thus, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." Jones, 549 U.S. at 221.

B. Analysis

Defendant has submitted evidence, with supporting declarations, demonstrating that, of the five administrative grievances plaintiff submitted between October 16, 2009 (when plaintiff was assaulted), and April 19, 2011 (when plaintiff commenced this action), only one grievance challenged the condition of the DVI ad seg cell doors and/or the events of October 16, 2009. (See Motion to Dismiss, Decl. of R. denDulk (DVI Appeals Coordinator), Dkt. No. 24-1 at 1-30, and Exh. A-F; see also Decl. of J. Lozano (CDCR Chief, Office of Appeals), Dkt. No. 24-2 at 1-2; Decl. of B. Tisdale (defendant and reviewing Sergeant), Dkt. No. 24-3 at 1-4; and Decl. of D. Equival (Deputy Attorney General), Dkt. No. 24-4 at 1-14.)

////

The pertinent grievance, Appeal No. DVI-09-2713, was submitted by plaintiff on October 25, 2009.[2] (See Dkt. No. 24-1 at 8-14.) On November 13, 2009, defendant Tisdale "cancelled" the grievance at the First Level Review, with a notation that "[t]he appellant was less than cooperative and refused to be interviewed." (Id. at 10, 13.) The cancellation of the grievance was approved by Assistant Warden Beasley, and returned to plaintiff, on November 19, 2009. (Id. at 10.)

Defendant does not contend that the subject grievance failed to address the factual and legal claims that underlie this suit. Rather, defendant contends that the grievance was properly cancelled due to plaintiff's failure to cooperate. In his declaration dated October 4, 2012, defendant Tisdale avers as follows (Dkt. No. 24-3 at 1-3):

> I, B. Tisdale, declare:
>
> 1. I am employed by the California Department of Corrections and Rehabilitation (CDCR) as a Sergeant at Deuel Vocational Institution (DVI) in Tracy, California.
>
> 2. My duties as a Sergeant include responding to inmate appeals (CDC 602) at the first level of review and interviewing inmates in connection with their appeals.
>
> 3. I was assigned to respond to inmate Ward's (T-59587) appeal No. DVI-09-2713 concerning a stabbing incident on October 16, 2009.
>
> 4. On November 13, 2009, I attempted to interview Ward concerning his appeal, and I was informed that he would not come out of his cell.
>
> 5. I went to Ward's cell and explained the purpose of my request that he be taken to the office for an interview. I also explained to him that his appeal would be cancelled as a result of his failure to cooperate in the appeal process.

---

[2] Also on October 25, 2009, plaintiff submitted a "Reasonable Modification or Accommodation Request" (CDC 1824), wherein he asserted in pertinent part: "I have a hearing disability and have been told that a hearing device would be provided to accommodate this loss of hearing but nothing has been given to me . . . I need a hearing device so I can function properly and respond properly to officers, Psych Techs etc." (Dkt. No. 24-1 at 6.) However, plaintiff does not assert that his hearing impairment was implicated in his pertinent interactions with defendant Tisdale.

    6. Ward stated that he would not talk to me unless his cellmate was present during the interview, and he continued to refuse to exit his cell.

    7. I explained to Ward that his complaint was not a group appeal and that his cellmate's participation was irrelevant to the appeal. I again informed Ward that his failure to cooperate and be interviewed would result in the cancellation of his appeal.

    8. Ward stated that he would not be interviewed without his cellmate and for me to cancel his appeal if that is what I had to do (or words to that effect).

    9. Because Ward refused to be interviewed and cooperate with the appeal process, I cancelled his appeal No. 09-2713 as required under section 3084.4(d) of Title 15 of the California Code of Regulations.

    10. Exhibit G is a copy of the response I prepared cancelling Ward's appeal. The response contains two typographical errors: I incorrectly typed in the appeal number, and I inadvertently typed the wrong date on which I cancelled the appeal. In all other respects, the response is accurate, and it correctly reflects my interaction with Ward and the reasons for cancelling his appeal.

    I declare under penalty of perjury that the foregoing statements are true.

Plaintiff disputes this account, in his own declaration dated November 13, 2012, which provides in pertinent part (Dkt. No. 29 at 6-7):

    1. [A]t all times relevant . . . I was incarcerated at the Deuel Vocational Institution at Tracy, California.

    2. I, and my cellmate Robert Styer were victims of a brutal assault by another inmate who devised a way to unlock the door of a secure cell in administrative segregation (ad-seg) from the inside and with an inmate manufactured weapon, inflicted wounds upon us.

    3. On November 13, 2009, Sgt. B. Tisdale came to my cell in ad-seg to interview Mr. Styer.[3] Tisdale wanted to interview Mr. Styer about the inmate grievance that he filed. Mr. Styer became argumentative towards Sgt. Tisdale.

---

[3] Plaintiff has interchangeably spelled his cellmate's name as "Styer" and Styre." The court uses only defendant's spelling of the name, "Styer."

6

    4. While Mr. Styer and Sgt. Tisdale were arguing with each other, I was sitting at the back of my cell.  After a few minutes of arguing, Sgt. Tisdale became angry and said, "Fuck it.  I'll cancel both of your 602s.  You don't want to talk to me."  And he walked off.

    5. When I received my 602 back "cancelled," I resubmitted it, because I never refused to talk to Sgt. Tisdale.  I received it back unanswered.

I declare under penalty of perjury that the foregoing is true and correct.

    The declarations of plaintiff and defendant set forth contradictory facts.  Under such circumstances, the court may convene an evidentiary hearing to assess the credibility of each party and make a factual finding.[4]  However, in the present case, reasonable inferences based on the existing record permit resolution of this matter.  Although the parties' differing versions of their interactions on October 16, 2009, and Tisdale's rationale in cancelling the subject grievance, remain disputed, the present record and reasonable inferences thereon demonstrate that, after cancellation of the grievance, plaintiff failed to make reasonable and appropriate efforts to pursue and exhaust the grievance, and has therefore failed to demonstrate the unavailability of further administrative remedies.

    A prisoner's failure to make a reasonable effort to pursue all available avenues for exhausting his administrative grievance will preclude waiver of the exhaustion requirement.

---

[4] As set forth in <u>Cherer v. Williams</u>, 2010 WL 7697474, *5 (C.D. Cal. 2010) (fn. omitted) (denying defendants' motion to dismiss):

> "Under these circumstances, in which the parties offer competing declarations setting forth differing versions of events, the court cannot make the necessary credibility determination to resolve the exhaustion issue on a motion to dismiss." <u>Sutherland v. Herrmann</u>, No. CIV S-09-2391 WBS DAD P, 2010 WL 2303206, at *5 (E.D. Cal. June 7, 2010) (quoting <u>Barretto v. Smith</u>, No. CIV S-07-1544 FCD DAD P, 2009 WL 1271984, at *7 (E.D. Cal. Mar.6, 2009); <u>see</u> <u>also</u> <u>Roberts v. Salano</u>, No. 1:08-cv-00162 LJO-GSA PC, 2009 WL 1514440, at *2 (E.D .Cal. May 27, 2009) ("While the Court may resolve disputed issues of fact on an unenumerated 12(b) motion, it cannot assess the credibility of the parties' differing versions of what occurred.") (citations omitted).

7

Only if the prisoner has taken all reasonable and appropriate steps to exhaust his grievance, without success, will his administrative remedies be deemed "effectively unavailable." <u>Nunez v. Duncan</u>, 591 F.3d 1217, 1223-26 (9th Cir. 2010).

Defendant directs the court's attention to plaintiff's DVI appeal log. The log reflects the initial submission and cancellation of the subject grievance, but no further submission or action thereon. (<u>See</u> Dkt. No. 24-1 at 30.) However, the log also reflects that plaintiff submitted three unrelated appeals after November 19, 2009 (the date the subject appeal was returned to him) on January 21, 2010, March 12, 2010, and July 7, 2010, thus demonstrating continuing plaintiff's familiarity with, and reliance, on DVI's administrative exhaustion process. (<u>Id.</u>)

Defendant also directs the court's attention to his submitted copy of the grievance, which is marked "cancelled" in Section E, but remains blank in Section F. Section F provides in pertinent part: "If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution . . . within 15 days of receipt of response." (<u>Id.</u> at 10.) Plaintiff has not submitted an independent copy of this grievance, demonstrating his completion of Section F; nor does plaintiff assert that he completed this section in further pursuit of the subject grievance.

As emphasized by defendant, plaintiff has also failed to explain when, or to whom, he assertedly "resubmitted" the subject grievance, and when, or from whom, it was returned to plaintiff. Plaintiff states only generally that he "resubmitted it," and "received it back unanswered." (Dkt. No. 29 at 7.)

Finally, plaintiff does not assert that Tisdale or any other correctional officer threatened or intimidated plaintiff, misinformed plaintiff, or deliberately failed to abide by established grievance procedures, which are the most common reasons for finding that administrative remedies are "effectively unavailable." See <u>Cherer v. Williams</u>, 2010 WL

////

////

7697474, *3 (C.D. Cal. 2010) (citing cases).[5] The Ninth Circuit Court of Appeals rejected a similar claim in Ngo v. Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008), when it found, on remand from the Supreme Court, that plaintiff's appeal was untimely filed because plaintiff had failed to show "that administrative procedures were unavailable, that prison officials obstructed his attempt to exhaust or that he was prevented from exhausting because procedures for processing grievances weren't followed."

This evidence, and reasonable inferences thereon, supports the court's conclusion that plaintiff failed to pursue the subject grievance after it was returned "cancelled," despite the availability of additional administrative remedies. Cf. Albino v. Baca, 697 F.3d 1023, 1030 (9th Cir. 2012) (district court's factual findings are clearly erroneous only if they are "illogical, implausible, or without support from inferences that may be drawn from the record") (citation omitted). Plaintiff has failed to demonstrate that he is entitled to waiver of the exhaustion requirement despite "fair notice of his opportunity to develop a record." Wyatt, 315 F.3d at 1120

---

[5] As summarized by the magistrate judge in Cherer v. Williams, 2010 WL 7697474 at *3:

> As discussed by the Ninth Circuit in Nunez, 591 F.3d at 1224, other circuits have allowed exceptions to the PLRA's exhaustion requirement in the wake of the Supreme Court's decision in Ngo [Woodford v. Ngo, 548 U.S. 81 (2006)]. See e.g. Turner v. Burnside, 541 F.3d 1077, 1085-86 (11th Cir. 2008) (a prisoner who had been threatened with retaliation by prison officials if he filed a grievance was excused from complying with the PLRA's exhaustion requirements; remanded for determination of disputed factual issues); Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself to it."); Macias v. Zenk, 495 F.3d 37, 45 (2d Cir. 2007) (remanded for a determination whether a prison official's threats deterred the prisoner from exhausting his administrative remedies); Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007) (suggesting that a defect in exhaustion is excused when a prisoner's failure to exhaust was due to the inaction of prison officials); Kaba v. Stepp, 458 F.3d 678, 684–86 (7th Cir. 2006) (administrative remedy not available if prison employees do not respond to a properly filed grievance or use affirmative misconduct to prevent a prisoner from exhausting; remanded for further factual development); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (holding that the district court did not err in declining to dismiss for failure to exhaust when prison officials did not respond to the prisoner's grievance).

n.14.  (See n.1, supra.)  Rather, defendant has met his burden of raising and proving plaintiff's failure to exhaust available administrative remedies.  Wyatt, 315 F.3d at 1119.  Therefore, this federal action, premised on plaintiff's Eighth Amendment claim, should be dismissed without prejudice.  Id. at 1120.

IV.  Pendant State Law Claim

Having resolved the only claim over which this court has original jurisdiction, the undersigned declines to exercise supplemental jurisdiction over plaintiff's state law claim.  See 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction).

Therefore, plaintiff's state law claim should also be dismissed without prejudice. Plaintiff may pursue this claim in state court pursuant to the time limitations set forth in 28 U.S.C. § 1367(d).

V.  Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.  Defendant's motion to dismiss (Dkt. No. 24), be granted; and

2.  This action, and plaintiff's claims herein, be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within 14 days after service of the objections.  The parties are

////

////

////

////

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 6, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ward1096.mtd